Requestor: Hon. Patricia B. Adduci Commissioner N.Y.S. Department of Motor Vehicles Empire State Plaza Albany, N.Y. 12228
Written by: Robert Abrams, Attorney General
You have asked whether the Department may contract with a private vendor to print and distribute the Department's Driver's Manual at no cost to the State in return for the right of the vendor to sell and print advertising in the Manual. You advise that the Department would retain the right to approve all advertising. The Manual previously has been printed without advertising and distributed by the Department at State expense. It is the Department's official publication and contains general information for drivers and vehicle owners and the rules of the road.
Two previous opinions on the question whether State departments may sell advertisements in official publications have focused on the statutory authority of the particular department. 1977 Op Atty Gen 42; 1955 Op Atty Gen 181. As you note, a 1955 opinion of the Attorney General concluded that advertising space could not be sold in the "Conservationist", a publication of the Department of Environmental Conservation. 1955 Op Atty Gen 181. The opinion stated that the Conservation Law includes no provision authorizing sale of advertising in Department publications and recognized that sale of advertising in a Department publication could lead to serious problems:
 "Would the sale of advertising space be unlimited to all comers? Could it be unlimited and still keep the magazine within bounds as to size? Would not the sale of advertising space to one manufacturer or distributor leave the department open to dispute with and even litigation by another selling a like product to whom the department declined to sell space? Would not the department — even if the magazine carried a notation to the contrary — be deemed in the public mind to be tacitly endorsing or at any rate giving an approving nod in some sense at least to those commercial products advertised in the magazine?"
In 1977, the Attorney General concluded that it was proper for the Department of Commerce to sell commercial advertisements in two of its publications, "BINYS" and "VACATIONLANDS". "BINYS" was designed to publicize the quality of the business climate in New York and "VACATIONLANDS" served to attract tourists to the State.
The Attorney General examined the statutory powers and duties of the Department of Commerce:
 "Commerce Law, § 100 provides that the Commissioner of Commerce acting by and through the Department of Commerce shall have the power and it shall be his duty to undertake means of promoting and encouraging the prosperous development and protection of New York business, industry and commerce (section 100, subd. 1), to compile and make available information relating to current business conditions (section 100, subd. 7) and to publicize the material, economic, scenic and historic attractions of the State which make it a desirable place for business, residence and vacation (section 100, subd. 14, 15 and 16). Section 100, subd. 17 authorizes the Commissioner:
 `To encourage and cooperate with other public and private organizations or groups in publicizing the attractions and industrial advantages of the state.'
Commerce Law, § 100, subd. 37 states:
 `the department may enter into contracts with any person, firm, corporation or governmental agency, and do all things necessary or convenient to carry out the functions, powers and duties expressly set forth in this article.'"
1977 Op Atty Gen at 43-44.
Because the presence of advertising that met the Department's stringent standards would advance the objectives of both publications and carry out the Commissioner's duties, and because the proposed arrangement fell within the powers granted to the Department, the opinion concluded that such sale was proper. Id. at 44.
It does not appear that the Vehicle and Traffic Law vests the Department of Motor Vehicles or its Commissioner with similar powers or duties to those of the Commissioner and Department of Commerce. Nor is there an express statutory authorization for the Department to fund its operations through revenue-raising measures such as the sale of advertising.
We conclude that the Department, therefore, is not authorized to contract with a private vendor to print and distribute the Driver's Manual in exchange for the vendor's right to sell advertising in the Manual.